IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DENNIS P. CIRCO, CHRISTOPHER W. CIRCO, | Case #: 8:11-cv-00273 |
| *Plaintiffs*, | |
| v. | |
| DXP ENTERPRISES, INC. |  |
| *Defendant and Counter-Plaintiff and Third-Party Plaintiff*, | PROTECTIVE ORDER |
| v. | |
| CIRCO ENTERPISES, LLC, AND CIRCO HOLDINGS, LLC | |
| *Third-Party Defendants*. | |

This matter comes before the Court on the Joint Stipulation for Protective Order filed by Plaintiffs and Counter-Defendants Dennis P. Circo and Christopher Circo; Third-Party Defendants Circo Enterprises, L.L.C. and Circo Holdings, L.L.C.; and Defendant, Counter-Plaintiff and Third-Party Plaintiff DXP Enterprises, Inc. (collectively, the "Parties"), Filing No. 54. The Court, being fully advised in the premises, hereby orders that all documents, materials, things, information, answers, pleadings, testimony, and other discovery information or items produced by the Parties and non-parties are governed by the following:

1. In this action, the Parties are seeking information, including Confidential Information (as defined in Paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such

4816-0928-3595.3

information outside the scope of this litigation could result in significant injury to one or more of the Parties' business interests. The Parties also assert that the need for this Protective Order also applies to any information or materials produced by a non-party as a result of discovery subpoenas or other requests. The Parties have entered into this Protective Order and request the Court enter the Protective Order for the purpose of preventing the disclosure and use of Confidential Information by any Party or non-party except as set forth herein. The terms of this Protective Order shall apply to any information or materials produced by any Party or non-party as part of discovery in this action. Each and every attorney with the law firms representing the Parties in this case shall be deemed to be subject to this Protective Order and shall be deemed to have actual knowledge of the restrictions herein.

    2.    <u>Definition of "Confidential Information."</u>

    A.    Under the terms of this Protective Order, "Confidential Information" means any document, file, electronic material, portions of files, transcribed testimony, or responses to discovery requests, including any extract, abstract, chart, summary, note, or copy made therefrom designated by one of the Parties or a non-party in the manner provided in Paragraph 3 below as containing or comprising confidential research, development, sales data, financial, or commercial information or other trade secrets or proprietary business information.

    B.    "Confidential Information" shall not include any of the types of materials identified above (a) which is or subsequently becomes available to the general public other than through a breach of this Protective Order; (b) which is already in the possession of a Party before disclosure by the other Party; (c) which is developed through the independent efforts of a Party without reference to or

4816-0928-3595.3

2

reliance upon another Party's "Confidential Information"; (d) which the other Party rightly receives without restriction as to use from a third party under no obligation of confidentiality; or (e) which is released without restriction as to use by a Party to a third party (including governmental agencies) under no obligation of confidentiality.

C. Nothing in this Protective Order shall be construed in any way as a finding by the Court that material designated as Confidential Information meets the standards of this paragraph. In the event that either Party disagrees with the other Party's designation of any document or information as Confidential Information, the Parties shall first attempt to resolve the dispute by meeting and conferring. If the dispute is not resolved during the meet and confer process, the objecting party may move the Court for an order respecting the subject matter of the dispute. Until a resolution of the dispute is achieved, all Parties shall treat the designated document, thing or information as Confidential Information.

3. <u>Designation of Confidential Information</u>. Where any kind of Confidential Information is produced, provided or otherwise disclosed by a Party or a non-party in response to any discovery request or subpoena, including by means of entry onto land or premises or by inspection of books, records, documents, or tangible things, such Confidential Information will be designated in the following manner:

A. By imprinting the word "<u>Confidential</u>," as appropriate, on at least the first page or cover of any document produced;

B. By imprinting the word "<u>Confidential</u>," as appropriate, on a disk bearing any document or file produced;

4816-0928-3595.3

3

    C.    By imprinting the word "<u>Confidential</u>," as appropriate, next to or above any response to a discovery request; and

    D.    With respect to transcribed testimony, either during the deposition on the record, or by giving written notice to opposing counsel sufficient to designate such portions as "<u>Confidential</u>," as appropriate, no later than ten calendar days after receipt of the transcribed testimony.

During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may give notice on the record that testimony about to be given is deemed "<u>Confidential</u>," as appropriate. If during the course of a deposition, a document or other material that has previously been designated "<u>Confidential</u>," is used, then that particular portion of the deposition shall be deemed to be subject to the same level of protection accorded to the designated document without further need of any written designation of the deposition transcript by the designating party.

4.    <u>Restrictions on Confidential Information.</u> All Confidential Information provided by a Party or a non-party in response to a discovery request or as transcribed testimony shall be subject to the following restrictions:

    A.    Confidential Information shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever.

    B.    Confidential Information shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this litigation as described below.

4816-0928-3595.3

4

    C.    Confidential Information may only be disclosed or communicated to the following persons:

        (i)    The Parties' outside counsel of record in this action and any regular or temporary employees of such counsel to whom it is necessary that the information or material be shown for purposes of this litigation;

        (ii)    The Parties' in-house counsel;

        (iii)    Employees of each of the Parties or of entities owned or controlled by a Party whose assistance is needed by counsel for the purposes of this litigation;

        (iv)    Third Party Consultants or Expert Witnesses;

        (v)    Graphics or design services firms retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial or other proceedings;

        (vi)    Non-technical jury or trial consulting services retained by counsel for a Party;

        (vii)    Document reproduction or coding services retained by counsel for a Party;

        (viii)    Other non-party witnesses in the above-captioned action as necessary and pursuant to the provisions herein pertaining to depositions and court proceedings; or

        (ix)    The finder of fact or concluder of law as directed by the Court.

4816-0928-3595.3

    D.    <u>Undertaking</u>: Confidential Information may be disclosed to a Party or to a person listed in Paragraph 4(C), subparagraphs (iv), (v), and (vi) only after such Party or person has executed a declaration in the form attached as Exhibit A, and a Party providing Confidential Information to a person described in subparagraph (viii) will request a signed declaration from the witness in the form attached as Exhibit A. Any person who reviews Confidential Information shall be bound by the terms of this Protective Order.

5.    <u>Use of Confidential Information in Court Proceedings</u>. In the event any material designated Confidential Information is used in any court filing or legal proceeding, including, but not limited to, its use at trial, it shall not lose its confidential status as between the Parties through such use. Any memorandum, brief, or other pleading that contains Confidential Information in the body of the document shall be prominently labeled on the applicable pages with the following legend: "Contains Confidential Information Subject To Protective Order."

6.    <u>Continuing Duty</u>. The termination of this action shall not relieve counsel, the Parties, or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order. The Parties agree that in no event shall the obligations of this Protective Order continue beyond two years from the final disposition of this matter, by order, settlement or otherwise.

7.    <u>Protective Order Not Admission</u>. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Furthermore, by producing or receiving information or material designated

4816-0928-3595.3

Confidential Information or by otherwise complying with the terms of this Protective Order, such conduct shall not be deemed to:

a. Operate as an admission by any Party that any designated material contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

b. Operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any designated information;

c. Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

d. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

e. Prejudice in any way the rights of any Party to seek a determination by the Court, whether any information or material should be subject to the terms of this Protective Order, including, but not limited to, designations made by a non-party;

f. Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly Confidential Information; or

g. Prevent the Parties from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

8. <u>Obligations After Final Disposition</u>. The provisions of this Protective Order shall, absent written permission of the producing Party or further order of the Court, continue to be

4816-0928-3595.3

binding throughout and after the conclusion of this action, including any appeals or remands. Within a reasonable time after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received Confidential Information shall return such materials and all copies thereof (including summaries and excerpts) to counsel for the producing Party or shall certify destruction thereof. The outside counsel for each Party shall be entitled to retain court papers, deposition transcripts, and attorney work product that contains, reflects or summarizes Confidential Information, provided that such counsel, and employees of such counsel, shall not disclose any such Confidential Information to any person or entity except pursuant to a written agreement with the producing Party. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

9. <u>No Bar to Seeking Further Relief</u>. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

10. <u>Treatment of Confidential Information at Trial</u>. In the event any Confidential Information is to be used in any court or any appeal therefrom, counsel for the Parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any such proceeding, and shall move the Court to incorporate such procedures.

11. <u>Examination of Witnesses Regarding Confidential Information</u>. Any person may be examined as a witness at trial or during a deposition concerning any information or material that has been designated as Confidential Information which that person had lawfully received or

4816-0928-3595.3

8

authored prior to and apart from this action. During such examination, any such witness may be shown information or material designated as Confidential Information which appears on its face or from other documents or testimony to have been received or authored by that witness. Whenever a person appears from the face of a document that has been designated as Confidential Information to have been the author or lawful recipient of that document, such person may be shown, but not permitted to retain custody of, that specific document shown to them despite the restrictions on access set out in Paragraph 4 of this Protective Order.

12. <u>Inadvertent Production of Undesignated/Misdesignated Confidential Information</u>. If a Party inadvertently produces Confidential Information without marking it as such, it may be disclosed to others until the receiving Party becomes aware of the error. As soon as the receiving Party becomes aware of the inadvertent production, the information must be treated as if it had been timely and correctly designated under this Protective Order, and the receiving Party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to have access to such information, as well as any copies made by such persons.

13. <u>Binding Effect of Protective Order Before Entry by Court</u>. The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, even if this action is ultimately dismissed. Any violation of the terms of this Protective Order prior to its entry, or prior to the entry of an alternative order, shall be subject to the same sanctions and penalties as if this Protective Order had been entered as an order of the Court.

14. <u>Obligations Under Subpoena in Other Action</u>. If a Party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a party, or (c) served with any other legal process by one not a Party to this action, seeking Confidential Information

4816-0928-3595.3

which it received from the other Party, the Party so served shall give prompt, written notice to the producing Party, by hand or electronic service, within ten business days of its receipt of such subpoena, demand, or legal process. The Party so served shall also object to the production of the requested Confidential Information to the extent permitted by law. Should the person seeking access to the information or material take action against the Party, or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the Party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the Party, or anyone else covered by this Protective Order, to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

    15.    <u>Production of Confidential Information by Non-Parties.</u> If a non-party is called upon, by subpoena or otherwise, to provide or produce nonpublic documents, information or things that the non-party reasonably and in good faith believes are confidential, the non-party may designate such documents, information or things as Confidential Information in the manner set forth in this Protective Order. The producing non-party shall have the same rights and obligations as a Party with regard to such documents, information or things.

Dated this *16th* day of *November*, 2011.

BY THE COURT:

_____
United States Magistrate Judge

4816-0928-3595.3

## EXHIBIT A – "Confidential Information"

**DECLARATION OF** _____

_____ swears or affirms and states under penalty of perjury:

1. I make this Declaration on behalf of _____ [identify name of corporate Party or state "myself"].

2. I have read the Protective Order filed in this action, *Dennis P. Circo et al. v. DXP Enterprises, Inc.*, Case No. 8:11-cv-00273 in the United States District Court for the District of Nebraska, a copy of which is attached to this Declaration.

3. I have been informed by _____, Esq., counsel for _____, that I may be given access to information, documents or other materials that have been defined as "Confidential Information" under the Protective Order.

4. I promise that I have not and will not divulge, or undertake to divulge, to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation. I will not use the Confidential Information for any commercial purpose.

5. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

6. I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.: (\_\_\_)_____